IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **99-cv-1711-JLK**

**ENERGY ACQUISITION CORP., a Colorado corporation; MICHIGAN EXPLORATION, INC., a Michigan corporation; and MICHIGAN PRODUCTION COMPANY, L.L.C., a Michigan limited liability company; MICHIGAN ENERGY COMPANY, a Michigan limited liability company,**

    Plaintiffs and Counter-Defendants,

v.

**MILLENNIUM ENERGY FUND, L.L.C., a Delaware limited partnership; WILLIAMS ENERGY MARKETING & TRADING COMPANY, a Delaware corporation; and SPV, L.L.C., an Oklahoma limited liability company,**

    Defendants, Counter-Plaintiffs, and
    Third-Party Plaintiffs,

v.

**DWAIN M. IMMEL, an individual,**

    Third-Party Defendant.

## ORDER ON PENDING MOTIONS

Kane, J.

Mindful of the long delay caused in this case by the pendency of several dispositive motions, I have engaged in a thorough review of those motions and issue the following rulings:

1. Third-Party Defendant Dwain M. Immel's *Motion to Dismiss or, in the Alternative, for Summary Judgment* (Doc. No. 66) is DENIED on both counts. In his Motion Immel seeks to challenge the Millenium entities' third-party alter ego claim against

him, arguing first that the entities' failure specifically to allege that he engaged in "self-dealing" is preclusive of their claim or, in the alternative, that because no evidence of "self-dealing" can be adduced, that the claim fails as a matter of law under a Rule 56(c) standard. While I conclude Colorado law applies to the standards for pleading and proving alter ego claims in this case, the conflict of laws issue briefed by the parties is immaterial because no outcome-determinative conflict exists between Colorado and Oklahoma law. *See generally United Int'l Holdings, Inc. v. Wharf Holdings, Ltd.*, 946 F. Supp. 861, 866 (D. Colo. 1996).

Alter ego liability arises in cases where a corporate entity has been used to defeat public convenience, or to justify or protect wrong, fraud, or crime, or in other similar situations where equity requires. *Fink v. Montgomery Elevator Co.*, 421 P.2d 735, 739 (Colo. 1966)(citing 1 Fletcher, Cyclopedia of Corporations § 41.1)). "Self-dealing" is not *per se* an essential element of alter ego liability, although it may support a claim for it. *See Walk-in Medical Centers v. Breuer Capital Corp*, 778 F. Supp. 1116, 1123 (D. Colo. 1991). "No one factor controls the analysis" to determine whether the corporate form should be disregarded. *Newport Steel Corp. v. Thompson*, 757 F. Supp. 1152, 1156 (D. Colo. 1990). None of the cases cited by Immel compels a different conclusion. The Millennium entities have sufficiently pled that Immel ignored the corporate form and used it as a shield for fraud. The Motion to Dismiss is DENIED.

       Immel's alternative request for summary judgment on the alter ego claim is also unavailing because any failure of the Millenium entities to produce evidence of self-dealing is not fatal to their claim. Because the Millennium entities have adduced sufficient evidence to create a genuine factual dispute as to whether Immel ignored and used the corporate form to perpetuate a fraud, the request for summary judgment, too, is DENIED.

2. Immel's related *Motion to Bifurcate the Third-Party Action* (Doc. 126), is DENIED.

3. Plaintiffs' *Motion for Partial Summary Judgment re Assumption of VPP Debts* (Doc. 95) and Defendants' *Motion for Partial Summary Judgment* (Doc. 103), both filed on March 14, 2001, will be set for oral argument by separate Minute Order. Because I am scheduled to oversee a ten-week jury trial in a complex toxic tort class action this fall, argument will likely not be set until December 2005. In the interim, the parties are encouraged to review their voluminous briefing and ascertain whether their arguments can be tailored in any substantive way. If so, they are encouraged to file *limited* supplemental briefs on each of these motions, or, in the alternative, a Status Report describing any changes to their respective positions. These briefs and/or Status Report shall be filed on or before October 31, 2005.

4. Defendants' *Motion* (Doc. 129) *to Strike Portions of the Affidavits of Dwain M. Immel and Dan C. Tutcher Submitted in Opposition to Defendants' Motion for Partial Summary Judgment* is DENIED. I am able to discern fact from hearsay in the

3

affidavits and will do so in ruling on the summary judgment motion.

5. Defendants' *Motion to Strike/Motion in Limine as to Expert Reports of Cathy S. Krendl, Daniel M. Cooper and Kenneth E. Richison* (Doc. 85) is DENIED WITHOUT PREJUDICE to its being reasserted after argument on the Motions for Summary Judgment.

This case will be set for a pretrial conference within 30 days of my rulings on the Motions for Partial Summary Judgment.

As always, should any of the parties request a referral to a magistrate judge for settlement, they may call my chambers and I will issue an order forthwith.

Dated September 22, 2005.                    BY THE COURT:

   s/John L. Kane
U.S. SENIOR DISTRICT JUDGE